# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

CHARLES HADDEN,

    Plaintiff,

vs.

CITY OF CLIFTON, CHIEF OF POLICE
BYRON SKELTON, in his individual and
official capacity, OFFICER JERROLL
HENDERSON, in his individual and official
capacity,

    Defendants.

No. 1:12-0099/Haynes
JURY DEMANDED

---

## CASE MANAGEMENT ORDER NO. 1

---

An Initial Case Management Conference was held on Friday, October 26, 2012, before the Honorable Judge William J. Haynes.

### I. Jurisdiction and Venue

Because plaintiff claims defendants violated his federal constitutional rights, this Court has jurisdiction under 28 USC §§ 1331 and 1343. But, defendants disagree that this Court has jurisdiction over the state law claims; alternatively, the Court should decline to exercise its supplemental jurisdiction over the state-law claims. Plaintiff asserts that Jurisdiction over any state law claims is at the discretion of the Court. While the Defendants urge the Court not to exercise jurisdiction, the Plaintiffs assert that jurisdiction should be asserted to promote judicial economy. Venue is not in dispute for the federal claims pending herein.

II. Parties' Theories of the Case

## 1. Plaintiff's Theory of the Case:

Plaintiff's action is one based upon 42 U.S.C. Section 1983 for excessive force. On or about August 21, 2011, Officers Jeff Poynter and Jerroll Henderson arrested the Plaintiff for domestic assault and resisting arrest, according to the warrant, because Plaintiff, "did not want to be cuffed." At that time Plaintiff's hand was obviously injured and swollen, prompting the Officers to take him to the Wayne Medical Center for evaluation. Following the evaluation, the Plaintiff was transported to the Wayne County jail where he was held for the requisite twelve (12) hours before being allowed to post bail.

At the time he posted bail, typical domestic assault paperwork, establishing "no contact" with the putative victim was drafted, but was not signed by or served on the Plaintiff. Because he was unaware of the "no contact" condition, the Plaintiff returned to his home, where the putative victim also resided. Officer Henderson conducted a "follow up" investigation allegedly to speak with the putative victim, where he found the Plaintiff. Officer Henderson told the Plaintiff he was in violation of the "no contact," and would have to be re-arrested. Plaintiff was willing to voluntarily go with the officer, but asked that he not hurt his injured hand worse by cuffing it. Henderson insisted Plaintiff had to be cuffed and pressed his thumb into the middle of Plaintiff's injured hand, causing severe pain and an instinctual reaction to jerk his hand back. Officer Henderson, in response, threw the Plaintiff to the ground, and twisted the Plaintiff's leg, causing a fracture of the tibia and fibula, crushing his ankle.

As a result of the injury, Plaintiff required two surgeries, one immediately to set the ankle and relieve pressure, the second to implant a plate and eleven (11) screws. Despite

the fact that the injury was caused by a City Officer, Plaintiff and his medical insurance have been made responsible for all of the medical bills, which are extensive. Plaintiff was also unable to walk or work for a substantial period of time.

Plaintiff claims that Officer Henderson used excessive force in affecting the arrest of the Plaintiff, and that he assaulted and battered the Plaintiff. The Plaintiff also alleges that the City of Clifton has a policy or custom to inadequately supervise its police officers, or investigate citizen complaints. The Plaintiff also alleges that Chief of Police Skelton is the final policy maker as to the operation of the Clifton Police Department, and that his action and/or inaction is tantamount to the City's liability in this matter.

### 2. Defendants' Theory of the Case:

The City of Clifton, Tennessee, cannot be liable under § 1983 based on *respondeat superior*. The city is liable only if its policy, custom, or procedure caused Hadden's injuries. The evidence will show that the city does not have a policy, custom, or procedure that caused the alleged injuries. The official-capacity claims against Jerroll Henderson and Byron Skelton are simply another way of suing the town. Because the city is already a defendant, the official-capacity claims are redundant and the Court should dismiss these claims.

Under the Tennessee Governmental Tort Liability Act, the city is liable only if its negligence caused the injuries. Because there are no allegations that the city's negligence led to the alleged assault, the city is immune under the Act. Alternatively, the city is immune because the claims arise out of the alleged violation of Hadden's civil rights.

Chief Skelton is not liable because Hadden has not alleged any facts establishing Chief Skelton's personal involvement in the events that led to Hadden's alleged injuries.

This is true as to Hadden's common-law claims and civil-rights claims against Chief Skelton. And because Hadden fails to allege facts establishing that Skelton violated his clearly established federal constitutional rights, Skelton is entitled to the defense of qualified immunity.

Hadden alleges that Officer Henderson broke Hadden's leg because he "used excessive force in effecting [Hadden's] arrest . . . ." Officer Henderson's use of force in arresting Hadden was reasonable under the circumstances. So, not only is Henderson not liable for the common-law claim of assault, he did not violate Hadden's federal constitutional rights. Based on the facts, Henderson is entitled to qualified immunity because he did not violate Hadden's clearly established federal constitutional rights.

## III. Schedule of Pretrial Proceedings

### A. Rule 26 (a) (1) Disclosure

The parties shall make their Rule 26 (a) (1) (A) through (E) disclosures within 30 days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good-faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of

4

the Alternative Dispute Resolution procedures under the Local Rules would further assist the parties in resolving this matter.

## C. Other Pretrial Discovery Matters

As determined at the case management conference on Friday October 26, 2012, this action is set for jury trial on _November 5, 2013 at 9:00 am in Courtroom 3A_.

If this action is to be settled, the Law Clerk shall be notified by noon _11/1/13 2 And_ three days before trial. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _October 21, 2013 at 3:00 pm 3A_. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **April 30, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **April 30, 2013**. All discovery related statements shall be filed by the close of business on **May 31, 2013.** No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **June 19, 2013**, and any response thereto shall be filed by the close of business on **July 19, 2013.**

Any reply shall be filed by the close of business on **August 2, 2013.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from 30 to 20 days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to 60 such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **May 30, 2013,** the plaintiff shall declare to the defendants (not file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **June 28, 2013,** the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed 20 pages. No reply shall be filed to any response unless invited by the Court.

Any supplements to expert reports shall be filed by the close of business on **July 26, 2013.**

There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

_____
WILLIAM J. HAYNES, JR.
United States District Judge

10-26-12

APPROVED FOR ENTRY:

By: _____ s/ Dale Conder, Jr. _____
DALE CONDER, JR., BPR #15419
Attorneys for Defendants
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414
dconder@raineykizer.com

By: s/LeAnne Thorne, (with permission via e-mail on 10/24/12
LEANNE THORNE, BPR #023481
Attorney at Law
P.O. Box 262
Lexington, TN 38351
(731) 968-9810
thornelaw@hotmail.com