IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHARLES HADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-0099 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| CITY OF CLIFTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Charles Hadden, filed this action under 42 U.S.C. §§ 1983 and 1988 against the Defendants, the City of Clifton, Tennessee, Chief of Police Byron Skelton, in his individual and official capacity, and Officer Jerroll Henderson, in his individual and official capacity. Plaintiff claims that Defendant Jerroll Henderson made an unreasonable seizure of Plaintiff, violating his rights under the Fourth and Fourteenth Amendments.

Before the Court is Defendant Jerroll Henderson's motion for summary judgment (Docket Entry No. 14), contending, in sum, that Defendant Henderson's use of excessive force is a defense to Plaintiff's resisting-arrest charge, and as such, Plaintiff's individual claim against Henderson lacks merit and should be dismissed. Plaintiff has filed a response, (Docket Entry No. 21) to which Defendant has filed a reply (Docket Entry No. 26). For the following reasons, the Court concludes that the Defendant's motion for summary judgment should be granted.

## A. FINDING OF FACTS[1]

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 f.2d 43, 46 (6th Cir. 1986) app. 840 f.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 276

According to the complaint (Docket Entry No. 1, ¶ 7), on August 21, 2011, Officers Poynter and Henderson responded to a domestic violence call at 718 Main Street, Clifton, Tennessee. As a result of their investigation, the police charged Plaintiff with domestic assault and resisting arrest. Plaintiff's hand was bruised and swollen as a result of his arrest. Id. at ¶ 10. Arresting police officers took Plaintiff to Wayne Medical Center, where an x-ray revealed Plaintiff's hand was broken. Id. at ¶ 11. Plaintiff was then placed in custody for the next twelve hours. Id. at ¶ 12. No one required Plaintiff to sign the paperwork that set forth a "no contact" order between the Plaintiff and the alleged domestic violence victim at the time he made bond. Id. at ¶ 13-14.

Upon Plaintiff's release from custody, he returned to the residence at 718 Main Street. Id. at ¶ 15. Officer Henderson returned to 718 Main Street to conduct a follow-up investigation. Upon finding the Plaintiff, Henderson informed him that he was in violation of the "no contact" order. Id. at ¶ 16. Plaintiff requested for Henderson not to handcuffed him in order to avoid further injury to his broken hand. Henderson insisted on cuffing Plaintiff and while doing so, Henderson pressed his thumb into Plaintiff's broken hand. Id. at ¶ 18. As a reaction to the pain, Plaintiff jerked his hand backwards. Id. at ¶ 19. Henderson then threw Plaintiff to the floor, grabbed Plaintiff's leg and twisted it, breaking Plaintiff's tibia and fibula. Id. at ¶ 20-21. Plaintiff required immediate surgery that day to set the ankle, and a second surgery the following day to insert a plate and eleven screws into Plaintiff's ankle. Id. at ¶ 22.

As a result of this injury, Plaintiff incurred thousands of dollars of medical bills, was unable to walk for a substantial period of time, and missed time from work and suffered lost wages. Id. at

---

(1986). The Court concludes that material factual disputes do not exist. Thus, this section constitutes a finding of facts under Fed.R.Civ.P. 56(d).

¶ 24-25.

As a result of this injury, Plaintiff alleges he incurred thousands of dollars of medical bills, was unable to walk for a substantial period of time, and that he missed time from work and suffered lost wages. Id. at 24-25.

## B. CONCLUSIONS OF LAW

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56. "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee notes. Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); accord Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment `shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.
>
> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

Id. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electrical Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex, 477 U.S. at 326. Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989); see also Routman, 873 F.2d at 971.

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Celotex Court:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

477 U.S. at 323 (emphasis deleted).

As the Sixth Circuit explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239 n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991) (quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of

'demonstrat[ing] the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex, 477 U.S. at 322 and Rule 56(e)).

Once the moving party meets its initial burden, the Sixth Circuit warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion. . . . [and] must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby, 477 U.S. at 251, 255). Moreover, the Sixth Circuit explained that

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1480 (citations omitted); see also Hutt v. Gibson Fiber Glass Products, 914 F.2d 790 (6th Cir. 1990) (quoting Liberty Lobby, 477 U.S. at 151-52) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.").

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
> \* \* \*
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict</u>

<u>necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- `whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'</u>

Liberty Lobby, 477 U.S. at 248, 252 (citations omitted and emphasis added).

It is likewise true that

[I]n ruling on motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: `The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Sixth Circuit stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Co., 791 F.2d. 43, 46 (6th Cir. 1986) (citation omitted).

The Sixth Circuit further explained the District Court's role in evaluating the proof on a summary judgment motion:

A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient

> to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of."
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (citation omitted). In this district, the parties must provide specific references to the proof upon which they rely. See Local Rule 56.01(c) (requiring each party to provide a statement of undisputed facts to which the opposing party must respond).

In Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989), the Sixth Circuit discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

7

one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the `scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the `old era' in evaluating the respondent's evidence. The respondent must `do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is `implausible.

Id. at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) whether the moving party "clearly and convincingly" established the absence of material facts; (2) if so, whether the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense; (3) if factual support is presented by the nonmoving party, whether those facts are sufficiently plausible to support a jury verdict or judgment under the applicable law; and (4) whether there are any genuine factual issues with respect to those material facts under the governing law? As the moving party in this action, the Defendant bears the burden of "clearly and convincingly" establishing the absence of material facts in Plaintiff's

8

complaint. Sims, 926 F.2d 526 (6th Cir. 1991).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983.

As to the first element of Plaintiff's 1983 action, whether the conduct complained of was committed by a person acting under the color of state law, the undisputed facts state that when the Defendant returned to 718 Main Street and arrested Plaintiff for violating the no-contact order, he was acting in his official capacity as a City of Clifton police officer, and not as a private citizen. (Docket Entry No. 23, p. 2). As to the second element of a viable action under § 1983, Plaintiff alleges that the Defendant made an unreasonable seizure of the Plaintiff in violation of Plaintiff's Fourth and Fourteenth Amendment rights guaranteed by the Constitution. (Docket Entry No. 1, ¶ 2).

Plaintiff's Fourteenth Amendment claim is that the Defendant violated his Fourteenth Amendment right to by making an unreasonable seizure of Plaintiff's person. (Docket Entry No. 1, ¶ 2). Yet, the Fourth Amendment governs all claims arising out of an arrest, as the Supreme Court explained: "[w]here a particular [constitutional] amendment provides an explicit textual course of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing th[o]se claims." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Accordingly, Plaintiff's

Amendment claim should be dismissed.

This Court has previously stated that "[a] Fourth Amendment excessive force claim is barred when the success of the claim would imply the invalidity of the claimant's prior conviction or sentence," Dennis v. Taylor, 2011 WL 2963348 at *1 (M.D. Tenn.); See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Under Tennessee law, an arresting officer's excessive use of force is a defense to a criminal charge of resisting arrest. Roberts v. Anderson, 213 Fed. Appx. 420, 427 (6th Cir. 2007); Tenn. Code Ann. §§ 39-16-602. Plaintiff plead guilty to resisting arrest, which constitutes a determination that excessive force was not used. (Docket Entry No. 16-1, p. 11). Anderson at 427. As in Hayes v. Kingsport Police Dep't,

> "Plaintiff could and should have raised his excessive force claim to defend against the resisting-arrest charge, rather than to plead guilty to the charge in state court and then to come to this federal forum to assert his claim of excessive force...if Plaintiff were to prevail in this Court on his claim that he was subjected to excessive force during his arrest, this would connote that his state court conviction for resisting arrest was invalid. Plaintiff has not shown that his conviction for resisting arrest has been vacated, set aside or other invalidated, and until he does, *Heck* bars claims of excessive force during his arrest."

Hayes v. Kingsport Police Dep't, 2008 WL 782503 at *4 (E.D. Tenn. 2008). Thus, Plaintiff's excessive force claim under § 1983 should be denied at this time.

For these reasons, the Court concludes that the Defendant's motion for summary judgment (Docket Entry No. 14) should be granted without prejudice to the Plaintiff, who may renew his excessive force claim in the future if he is able to show that his conviction for resisting arrest has been vacated or invalidated. Id.

An appropriate Order is filed herewith.

ENTERED this the ___10___ day of December, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court