# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| CHARLES HADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-0099 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| CITY OF CLIFTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Charles Hadden, filed this action under 42 U.S.C. §§ 1983 and 1988 against the Defendants, the City of Clifton, Tennessee, Chief of Police Byron Skelton, in his individual and official capacity, and Officer Jerroll Henderson, in his individual and official capacity. Plaintiff claims that Defendant Jerroll Henderson made an unreasonable seizure of Plaintiff, violating his rights under the Fourth and Fourteenth Amendments.

Before the Court is the Defendants' motion to dismiss for failure to state a claim (Docket Entry No. 12), contending, in sum, that (1) the Plaintiff fails to allege facts in his complaint that allow the Court to draw the reasonable inference that the Defendants are liable to him, (2) that Plaintiff fails to identify the City's policies, customs, or procedures that caused Plaintiff's injury and (2) that Plaintiff fails to allege facts that Defendant Skelton was directly involved in the alleged violation of Plaintiff's constitutional rights. Plaintiff has filed a response (Docket Entry No. 24), to which Defendants have filed a reply (Docket Entry No. 25).

For the reasons set forth below, the Court concludes that Plaintiff's complaint fails to provide specific factual allegations to state plausible claims against the City of Clifton and Byron Skelton, its Chief of Police, and the Defendants' motion to dismiss should be granted as to these two Defendants.

## I. Analysis of the Complaint

According to the complaint (Docket Entry No. 1, ¶ 7 ), on August 21, 2011, Officers Poynter and Henderson responded to a domestic violence call at 718 Main Street, Clifton, Tennessee. As a result of their investigation, the police charged Plaintiff with domestic assault and resisting arrest. Plaintiff's hand was bruised and swollen as a result of his arrest. Id. at ¶ 10. Arresting police officers took Plaintiff to Wayne Medical Center, where an x-ray revealed Plaintiff's hand was broken. Id. at ¶ 11. Plaintiff was then placed in custody for the next twelve hours. Id. at ¶ 12. No one served Plaintiff or required him to sign the paperwork that set forth a "no contact" order between the Plaintiff and the alleged domestic violence victim at the time he made bond. Id. at ¶ 13-14.

Upon Plaintiff's release from custody, he returned to the residence at 718 Main Street. Id. at ¶ 15. Officer Henderson returned to 718 Main Street to conduct a follow-up investigation. Upon finding the Plaintiff, Henderson informed him that he was in violation of the "no contact" order. Id. at ¶ 16. Plaintiff requested for Henderson not to handcuffed him in order to avoid further injury to his broken hand. Henderson insisted on cuffing Plaintiff and while doing so, Henderson pressed his thumb into Plaintiff's broken hand. Id. at ¶ 18. As a reaction to the pain, Plaintiff jerked his hand backwards. Id. at ¶ 19. Henderson then threw Plaintiff to the floor, grabbed Plaintiff's leg and twisted it, breaking Plaintiff's tibia and fibula. Id. at ¶ 20-21. Plaintiff required immediate surgery that day to set the ankle, and a second surgery the following day to insert a plate and eleven screws into Plaintiff's ankle. Id. at ¶ 22.

As a result of this injury, Plaintiff incurred thousands of dollars of medical bills, was unable to walk for a substantial period of time, and missed time from work and suffered lost wages. Id. at ¶ 24-25.

## II. Conclusions of Law

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is

3

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . .." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint, under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983.

As a threshold matter, because Plaintiff named Skelton and Henderson, City of Clifton officials, in their official capacities, his claims against them in their official capacity are against the City of Clifton. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." Id. at 166 (citation omitted) (emphasis in original). In addition, the City of Clifton is a named party, thus, the Court concludes that Plaintiff's claims against Skelton and Henderson *in their official capacities* are duplicative and those claims should be dismissed.

## A. Officer Jerroll Henderson

Plaintiff alleges Officer Henderson violated Plaintiff's rights under 42 U.S.C. § 1983 for his excessive use of force while arresting Plaintiff. (Docket Entry No. 1, ¶ 27). Defendants' motion to dismiss only addresses Henderson briefly: "Because official-capacity claims are the same as claims against the city, the Court must dismiss the official-capacity claims against Skelton and Henderson for the same reasons." (Docket Entry No. 13, p. 7). The Court stated previously herein that the official-capacity claims against Skelton and Henderson are duplicative because these claims are claims against the City of Clifton. Defendants' motion to dismiss does not at all address Plaintiff's individual capacity claim against Henderson. Id. As a result, the Plaintiff's individual capacity claim against Henderson should not be dismissed.

## B. Chief of Police Byron Skelton

Plaintiff alleges under 42 U.S.C. § 1983 that "Defendant Skelton is alleged to be the final policymaker over the Clifton Police Department, and by his failure to properly hire, train, supervise, and discipline Henderson, he was deliberately indifferent to Plaintiff's rights." (Docket Entry No. 1,

¶ 36).

For a § 1983 action against a supervisory official, a plaintiff must allege that the defendant was either directly or personally involved in the alleged unconstitutional activity. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." Id. Liability under § 1983 must be based on more than *respondeat superior* or the right to control employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (citations omitted). Plaintiff alleges no "causal connection" between Defendant Skelton and the events that occurred on and around August 21, 2011 that resulted in Plaintiff's alleged constitutional violations. Dunn at 128. Additionally, Plaintiff does not present evidence in his complaint or elsewhere that Skelton "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer[s]." Shehee at 300. Consequently, the Court concludes that factual allegations for Plaintiff's § 1983 claim against Byron Skelton in his individual capacity fails to state a claim.

### C. The City of Clifton

Plaintiff asserts that the City of Clifton violated his constitutional rights under 42 U.S.C. §1983 by "develop[ing] and maintain[ing] policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Clifton, which caused the violation of [Plaintiff's] rights...inadequately and improperly investigat[ing] citizen complaints of police misconduct...inadequately supervis[ing] and train[ing] its police officers, including the defendant

officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers...the City of Clifton did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct" (Docket Entry No. 1, ¶ 33-35).

A municipality may not be held liable under § 1983 under a theory of *respondeat superior*. Garretson v. City of Madison Heights, 407 F.3d 789, 795 (6th Cir. 2005); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir.1997) ("While a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees."). Unlike states, municipalities are persons who may be liable under § 1983 for their illegal acts or those of their employees, but only under certain conditions, where:

> [the employee's] action . . . implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers[;]
> 
> . . .
> 
> [There is] official municipal policy of some nature[; or]
> 
> . . .
> 
> [The] execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . .

Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690, 691, 694 (1978).

A municipality is subject to liability for "only [those] deprivations [that are] visited pursuant to municipal 'custom' or 'policy'" under § 1983. Okla. City v. Tuttle, 471 U.S. 808, 818 (1985). An isolated act of any employee also does not establish a policy. Sargi v. Kent City Bd. of Educ. 70 F.3d 907, 912 (6th Cir. 1995). Yet, a city or local governmental entity may be held liable in actions brought against its employees in the employee's official capacity when it has notice of the action.

Brandon v. Holt, 469 U.S. 464, 471-72 (1985). In a word, "official capacity claims [against municipal employees] are essentially claims against the entity itself." Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 827 (6th Cir.1988).

A claim against a municipality requires allegations suggestive of "(1) the existence of an unconstitutional policy, (2) the connection of the policy to the municipality itself, and (3) a causal link between the unconstitutional policy and the particular injury alleged." Robertson v. Johnson County, 896 F. Supp. 673, 682 (E.D. Ky. 1995); accord Foster v. City of Cleveland Heights, 81 F.3d 160, No. 95-3591, 1996 WL 132181, at *1 (6th Cir. March 21, 1996) ("When a § 1983 claim is made against a municipality, two issues must be analyzed: (1) whether the plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.") (citing Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992)); see also Hutchison v. Metropolitan Gov't. of Nashville and Davidson County, 685 F. Supp.2d 747, 750–51 (M.D. Tenn.2010) (dismissing plaintiff's Fourth and Fourteenth Amendment claims, district court found that plaintiff's allegations were insufficient to state a claim, noting "In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted Iqbal's standards strictly.").

As to Plaintiff's "failure to train" assertion, failure to train law enforcement officers is actionable by citizens under § 1983 only if the supervisor's failure to train amounts to deliberate indifference and such indifference is the cause of the injury. City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989). In Walker v. Norris, 917 F.2d 1449, 1455-56 (6th Cir. 1990), the Sixth Circuit explained that for supervisory liability, the fact "that a particular officer may be unsatisfactorily trained will not alone suffice" nor would proof of "a faulty training program." Id. at 1455-56 (quoting City of Canton Ohio v. Harris, 489 U.S. 378 (1989)); Monell v. Dep't of Soc. Serv. of City of New

York, 436 U.S. 658, 694-695 (1978).

Here, the Plaintiff has not alleged any specific facts to suggest any deliberate indifference in the City of Clifton or Skelton's training of their subordinates on making arrests. Plaintiff's allegations against City of Clifton or Skelton are that Skelton "by his failure to properly hire, train, supervise, and discipline Henderson, he was deliberately indifferent to Plaintiff's rights" and "[i]t was the policy and/or custom of the City of Clifton to inadequately supervise and train its police officers." (Docket Entry No. 1, Plaintiff's Complaint, ¶ 35-6).

"[C]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). Accord Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). In Oliver v. St. Luke's Dialysis, LLC, No. 1:10-cv-2667, 2011 WL 1326251 (N.D. Ohio Apr. 5, 2011), the Court granted the defendant's motion to dismiss for failure to state a claim, finding that: "[Plaintiff]'s complaint states no factual matter that, if accepted as true, would state a claim for failure to train. The complaint offers only the legal conclusion that the Defendants failed in their duty to train, educate, or supervise employees to make decisions on a nondiscriminatory basis." Id. at *4. The same is true in this action. Plaintiff fails to allege specific facts suggestive of a policy or custom of the City of Clifton or that the City of Clifton or Skelton had notice of Henderson's use of excessive force. Plaintiff also fails to allege any facts that would establish deliberate indifference on the part of the City of Clifton or Chief Skelton in regard to Plaintiff's failure to train claim.

Accordingly, for these reasons, the Court concludes that Defendants' motion to dismiss as to Defendants City of Clifton and Chief Byron Skelton (Docket Entry No. 12) should be granted, but should be denied as to Defendant Henderson.

9

An appropriate Order is filed herewith.

**ENTERED** this the 10t day of December, 2012.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court